## No. 381.

### ROGERS & WOODALE *v.* JASPER GIBBS.

The omission in the transcript of the testimony, not reduced to writing, of one of the plaintiff's counsel, in reference to an incident of the trial, is not sufficient ground to dismiss the appeal, when the substance of the testimony is brought up in the bill of exceptions taken to the ruling of the Judge on the subject.

Where a commercial firm, the payees of two promissory notes, due respectively in 1862 and 1863, instituted, in April, 1870, suit against the indorser thereof, and where, on the payment thereof being established by notarial act, plaintiffs attempted to prove that it was made in Confederate notes, and contended that said payment was in violation of the non-intercourse laws, having been made at Shreveport, within the Confederate military lines, to one of the plaintiffs, who was a resident of New Orleans, then within the Federal lines, and whose authority, therefore, to represent the firm as its agent ceased to exist;

Held—That whatever might be said of the acts of the said party in going through the prohibited lines, and its legal effects upon any contracts of his own or his firm, said firm, or any one of its members, can not now invoke the illegality of the said payment, or enforce a second payment. They can not be heard to urge their own unlawful conduct to their own benefit. The payment under such circumstances must be held binding upon both plaintiffs.

APPEAL from the Eleventh Judicial District Court, parish of Claiborne. *Trimble,* J. *L. B. Watkins* and *T. & J. W. Young,* for plaintiffs and appellants. *J. D. Watkins* and *A. B. George,* for defendant and appellee.

HOWELL, J. This suit was instituted in April, 1870, by the payees against an indorser of two notes made in April, 1860, and due respectively in April, 1862 and 1863, with interest from date. The answer, besides a general denial, contains a special denial of demand, protest and notice, and the plea of payment in July, 1863, by the first indorsers. Judgment was rendered in favor of defendant, and plaintiffs appealed.

A motion is made to dismiss the appeal because the transcript does not contain all the evidence. The omission alleged is the testimony of one of plaintiffs' counsel, taken on his motion to have the representative of plaintiff Woodale, whose death was suggested, made a party. The testimony was not reduced to writing, but its substance is brought up in the bill of exceptions taken to the ruling of the judge on the subject, which we consider sufficient, referring merely to an incident of the trial, and there is, therefore, no ground for a dismissal of the appeal.

This bill of exceptions is pressed on our attention, and was taken to the refusal of the judge to permit plaintiffs' counsel to file a written motion suggesting the death of said Woodale, and asking to make his legal representative a party, and the affidavit of the said counsel that he had recently heard of the said death, and believed his information to be true. Objection was made, and the affiant was examined as a witness, and his testimony made the report of the suggested death so improbable in the opinion of the judge that he refused the application. We think the filing of the documents should have been allowed, and the subsequent action could have been had as well. But their contracts and the statements of the witness are in the bill of exceptions, and we think the judge did not err in refusing to continue the case to make parties. The report of the death was altogether too vague and indefinite to be the basis of judicial action.

On the merits, we think the judge decided correctly. The payment, as alleged, was proven by a notarial act. But the counsel of plaintiffs attempted to prove that it was made in Confederate notes, and they contend that it was so made in violation of the non-intercourse laws, having been made in Shreveport, within the Confederate military lines, to the said plaintiff, who was a resident of New Orleans, then within the Federal lines, and whose authority, therefore, to represent the firm as its agent ceased to exist. Whatever may be said of the act of the said party in going through the prohibited lines, and its legal effects upon any contracts of his own or his firm, we do not think the firm or its members can now invoke the illegality of the said payment and enforce a second payment. They can not be heard to urge their own unlawful conduct to their own benefit. The payment under the circumstances must be held binding upon both plaintiffs.

Judgment affirmed.